# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MELVIN MARINKOVIC, | ) | CASE NO: 1:19CV1710 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CANDICE HAZELWOOD, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This case is before the Court upon consent of the parties, entered January 28, 2020. (Doc. No. 24.) Currently pending are Defendant Candice Hazelwood's Motion for Summary Judgement (Doc. No. 36), which is opposed by Plaintiff (Doc. No. 40); Plaintiff Melvin Marinkovic's Motion for Leave to File an Amended Complaint (Doc. No. 39), which is opposed by Defendant (Doc. No. 45); and Plaintiff's Motion to Re-Set Dates (Doc. No. 42), to which Defendant filed a response (Doc. No. 44).

For the following reasons, Plaintiff's Motion to Amend is GRANTED IN PART and DENIED IN PART as set forth below. As a result, Defendant's Motion for Summary Judgment is DENIED AS MOOT; and Plaintiff's Motion to Re-set Date is GRANTED, as set forth below.

**I. Analysis**

While the Court should freely grant leave to amend a complaint when justice so requires, justice does not require leave to amend when an amendment would be futile. Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). An amendment is futile when a plaintiff's amended complaint fails to state a claim upon which relief can be granted. *See Foman*, 371 U.S. at 182, 83 S.Ct. 227. Thus, "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001)). *See also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint also will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 557). While the court must accept all factual allegations contained in the complaint as true, it need not give the same deference to legal conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Here, Plaintiff seeks leave to drop his earlier claims of negligence and gross negligence, and add claims of negligent entrustment, negligent infliction of emotional distress and intentional infliction of emotional distress against Hazelwood. (Doc. No. 39-1 at 1.) Defendant Opposes these amendments of the grounds of futility, undue delay, bad faith, and dilatory motives. (Doc. No. 45 at 2-3.)

The Court finds that the second allegation of Plaintiff's First Amended Complaint, alleging intentional infliction of emotional distress, is not well-taken. To state a claim for intentional infliction of emotional distress, in Ohio, "a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of the plaintiff's serious emotional distress." *Phung v. Waste Mgmt., Ind.*, 644 N.E.2d 286, 289 (Ohio 1994). The standard under Ohio law for stating an intentional infliction of emotional distress claim "is exacting" and "[t]he 'outrageousness' element is a question of law for the Court to decide." *Cummings v. Greater Cleveland Reg'l Transit Authority*, 88 F. Supp. 3d 812, 821 (N.D. Ohio 2015). The emotional distress required for such a claim "may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983). Here, Plaintiff bases his claim on Defendant's failure to promptly respond to his financial demands, and her decision to communicate through her lawyer instead of replying to him directly. (Doc. No. 39-1 at ¶¶ 98-99). Contrary to Plaintiff's assertions, choosing to litigate the claims against her rather than promptly agreeing to his financial demands does not constitute "outrageous" conduct under Ohio law. Liability arising from the intentional infliction of emotional distress can only be found where conduct is so outrageous in character and to so extreme a degree, the conduct goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community. *Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013). Plaintiff has failed to plead allegations that meet this standard, even when taken in the light most favorable to him. Thus, Plaintiff's second assertion is futile, and the Motion to Amend the Complaint to add a claim of intentional infliction of emotional distress is DENIED.

The Court finds that Plaintiff's request to add the new first and third allegations, negligent entrustment and negligent infliction of emotional distress, is well-taken, and the amendment should be granted under the liberal standards set forth in Rule 15. Plaintiff pleads facts which may survive a Rule 12(b)(6) motion to dismiss. He asserts that Defendant owned the car which collided with his, that she voluntarily entrusted it to a driver who was incompetent, and that Defendant knew of facts and circumstances that should have alerted her to the driver's incompetence. While Defendant asserts that she can provide evidence to refute these allegations, such evidence is properly presented in a Motion for Summary Judgment. Because the Amended Complaint clears the bar set for stating a claim, the Motion to Amend the Complaint to include claims of negligent entrustment and negligent infliction of emotional distress is GRANTED.

The proposed First Amended Complaint no longer alleges that Defendant was the driver or a passenger in the car, and does not include the claims of negligence and gross negligence set forth in his initial complaint. (*Id*.) It is clear that "an amended complaint supercedes the original complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig*., 731 F.3d 586, 589 (6th Cir. 2013), *citing Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc*., 555 U.S. 438, 456 n.4, 129 S. Ct. 1109, 172 L.Ed.2d 836 (2009); *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (claims alleged in the initial complaint but not alleged in an amended complaint are not pleaded in the action, "because an amended complaint supercedes all prior complaints.") Therefore this Court finds that, because the claims of negligence and gross negligence have been dropped, and because Defendant's Motion for Summary Judgment addressed only the claims that Plaintiff withdrew, the motion is DENIED as MOOT.

Plaintiff's Motion to Re-set Dates and Defendant's Response both advocate for an extension of some discovery deadlines, albeit for differing reasons.  Because the Motion to Amend has been granted in part, the Court finds it appropriate to re-set the dates as follows:

All Non-Expert Discovery shall be completed on or before 10/1/2020.

All Expert Discovery shall be completed on or before 11/1/2020.

Dispositive Motions are due by 1/1/2021.

All other dates are as previously set forth.  The parties are reminded to carefully follow both the Federal Rules of Civil Procedure and Local Court Rules.

## II. Conclusion

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED as MOOT.  Plaintiff's Motion for Leave to Amend is GRANTED IN PART and DENIED IN PART as follows.  The Motion for Leave to Amend to withdraw the claims of Negligence and Gross Negligence, and substitute claims of Negligent Entrustment and Negligent Infliction of Emotional Distress is GRANTED.  The Motion for Leave to Amend to include a claim of Intentional Infliction of Emotional Distress is DENIED.  The First Amended Complaint is deemed filed as of this date.  The Motion to Re-Set Dates is GRANTED, with new dates as set forth herein.

**IT IS SO ORDERED.**

Date: July 31, 2020                                  s/ *Jonathan D. Greenberg*
                                                                    Jonathan D. Greenberg
                                                                    U.S. Magistrate Judge