# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MARINKOVIC, | ) | CASE NO: 1:19CV1710 |
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CANDICE HAZELWOOD, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER (Doc. Nos. 50, 60, 81)** |
| | ) | |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. Currently pending is Defendant Candice Hazelwood's Motion for Attorney Fees and Costs. (Doc. No. 50.) Plaintiff filed a memorandum in opposition. (Doc. No. 58.) Also pending is Plaintiff Melvin Marinkovic's Motion to stay sanctions. (Doc. No. 60.) Defendant filed a Response. (Doc. No. 61.) Plaintiff filed a Reply. (Doc. No. 67.) Plaintiff then filed a Re-submitted Notice of and Motion for Sanctions. (Doc. No. 81.)

For the following reasons, Defendant Hazelwood's Motion for Attorney's Fees is DENIED and Plaintiff Marinkovic's Motions to Stay Sanctions and Resubmitted Motion for Sanctions are DISMISSED as MOOT. (Doc. No. 50, 60, 81.)

## I. Background

On July 29, 2019, Plaintiff Melvin Marinkovic ("Marinkovic" or "Plaintiff") filed a Complaint against Defendant Candice Hazelwood ("Hazelwood" or "Defendant"), alleging negligence and gross negligence, arising from an auto accident involving Marinkovic and a car owned by Hazelwood. (Doc. No. 1.) Plaintiff initially filed his Complaint without required documentation, and failed to provide a current address. The clerk's letter seeking to obtain a completed civil cover sheet was returned as undeliverable, and the Court ordered him to provide the Court with his current address or risk dismissal of the action. (Doc. No. 4.) In accordance with the Court's order, he completed the necessary documentation, provided a new address, and the case proceeded. (Doc. No. 5.)

On April 2, 2020, Plaintiff failed to appear at the Telephonic Case Management Conference. (Doc. No. 30.) The Court informed Plaintiff that Failure to appear for future conferences or hearings, as well as failure to comply with the Orders of this Court, would be grounds for sanctions, up to and including dismissal of this action with prejudice. (*Id*.)

On May 29, 2020, Defendant filed a Motion to Dismiss Plaintiff's Complaint, based on the fact that she was neither the driver nor a passenger in the car at the time of the accident. (Doc. No. 36.) In response, Plaintiff sought to Amend his Complaint, withdrawing his previous allegations, and instead alleging negligent entrustment, negligent infliction of emotional distress, and intentional infliction of emotional distress. (Doc. No. 39.)

On July 31, 2020, the Court granted Plaintiff's Motion in part, permitting him to withdraw the claims of negligence and gross negligence, and substitute claims of negligent entrustment and

negligent infliction of emotional distress. (Doc. No. 47.) The Court also granted the Plaintiff's motion to extend discovery deadlines, ordering that all non-expert Discovery be completed on or before October 1, 2020 and all expert discovery be completed on or before November 1, 2020. (*Id*.)

On September 23, 2020, Plaintiff did not appear for a telephone status conference, and did not or otherwise contact the Court. (Doc. No. 49.) The conference was rescheduled for October 2, 2020. (*Id*.) The Court informed Plaintiff that failure to attend would be grounds for sanctions, up to and including dismissal of this action with prejudice. (*Id*.)

On October 1, 2020, Defendant filed a motion for attorney's fees in connection with the September 24, 2020 telephone status conference. (Doc. No. 50.)

On October 2, 2020, both parties appeared at the telephone status conference. (Doc. No. 51.) Plaintiff explained that he was unable to call in to the previous teleconference because he was traveling and had no access to cell phone service. (*Id*.)

On October 5, 2020, the copy of the minutes from the September 24, 2020 teleconference was returned to the Court as undeliverable, with the United States Postal Service notation "Temporarily away, return to sender." (Doc. No. 52.)

On October 8, 2020,[1] Plaintiff filed a motion in opposition to Defendant's motion for attorney's fees, asserting that the Defendant had "unclean hands." (Doc. No. 58.) On the same date, Plaintiff filed a motion to stay both sanctions motions until the 21 day rule 11 safe harbor period end. (Doc. No. 60.) Defendant responded on October 19, 2020. (Doc. No. 61.) Plaintiff filed a "supplement" on October 23, 2020. (Doc. No. 67.)

---

[1] The Motion is dated October 8, 2020. It was filed by mail, and reached the Court and was electronically filed on October 15, 2020.

3

On November 5, 2020, the Court issued an non-document Order that Plaintiff file the Rule 11 sanctions motion referenced in his October 15, 2020 motion no later than Monday, November 16, 2020, or such motion would be deemed withdrawn.

On November 19, 2020,[2] Plaintiff filed a Re-submitted Notice of and Motion for Sanctions relating to Defendant's Motion for attorney's fees. (Doc. No. 81.)

## II. Analysis and Discussion

Defendant seeks to be reimbursed for attorney's fees and costs for Plaintiff's failure to appear at the September 23, 2020 telephone status conference, totaling $49.50. (Doc. No. 50 at 1.) Plaintiff asserts that Defendant's motion should be denied because Defendant had "unclean hands" as a result of her "refusal to send the sanctions motion by mail." (Doc. No. 58 at 2.) Plaintiff also asserts the motion should be denied because he had good reasons for his absence. (*Id*. at 7-8.) Plaintiff characterized Defendant's motion for attorney's fees as "baseless and frivolous," and filed a motion to stay any sanctions until the 21-day Rule 11 safe harbor period ends. (*Id*. at 8; Doc. No. 60.)

It is undisputed that Plaintiff twice failed to appear for scheduled teleconferences before this Court, and each time was warned by the Court that future absences could result in sanctions. It is also undisputed that he contacted neither the Defendant nor the Court prior to either conference[3] nor

---

[2] The Motion is dated November 19, 2020. The affidavit states it was served on Defendant November 22, 2020. It was filed by mail, with a postmark of December 16, 2020. It reached the Court and was electronically filed on December 22, 2020.

[3] In his Opposition to the Motion for Costs, Plaintiff asserts that he "tried calling an hour before the appointment to get the proper call-in number from chambers," but "he could not reach the federal court at all, nor any other number he tried thereafter." (Doc. No. 58 at 8.) The Court infers that this was due to his lack of cell phone service in the vicinity of Pierre, South Dakota, which he asserts was the cause for his absence from the teleconference.

made any attempt to reschedule either meeting to a date or time he could be assured of attendance. Therefore, Defendant's motion seeking costs for her attorney's time is not baseless or frivolous, as its factual allegations have evidentiary support in the docket of this case.

However, Plaintiff is proceeding *in forma pauperis*, and has informed the Court that he is living out of his car, with no fixed residence, subsisting on a diet of rice, relying on family members for gas money, and using a borrowed cell phone. (Doc. No. 56 at 10; Doc. No. 65 at 7; Doc. No. 63 at 2.) Because the Court is concerned that even the small amount of monetary sanctions requested by the Defendant might impact the Plaintiff's ability to meet his basic needs, in the interests of justice attorney's fees will not be awarded for the missed September 24, 2020 teleconference. Therefore, Defendant's motion for attorney's fees is DENIED.

Because there are no sanctions imposed, Plaintiff's motion to stay sanctions is DISMISSED as MOOT. Further, because Plaintiff's Re-submitted Notice of and Motion for Sanctions against Defendant is untimely and duplicative of his earlier filing, it is dismissed as MOOT.

### III. Conclusion

Accordingly and for all the reasons set forth above, Defendant's Motion for Attorney's Fees is DENIED. (Doc. No. 50.) Plaintiff's Motion to Stay Sanctions and Re-submitted Notice of and Motion for Sanctions are DISMISSED as MOOT. (Doc. No. 60, 81.)

**IT IS SO ORDERED.**

Date: December 23, 2020            *s/Jonathan D. Greenberg*
                                                     Jonathan D. Greenberg
                                                     U.S. Magistrate Judge