UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MARINKOVIC, | ) | CASE NO: 1:19CV1710 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CANDICE HAZELWOOD, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER (Doc. Nos. 74, 75)** |
| | ) | |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. Currently pending is Plaintiff Melvin Marinkovic's Motion to Clarify Findings of Fact in Recent Denial Order and to Renew Request for E-filing Access, as amended. (Doc. Nos. 74, 74.) Defendant has filed a response. (Doc. No. 76.)

For the following reasons, Plaintiff Marinkovic's Motion for E-filing Access is DENIED and the Court's Findings of fact are clarified herein. (Doc. Nos. 74, 75.)

**I. Analysis**

In an Order dated October 23, 2020, the Court explained that it is the preferred policy of this District to typically limit electronic filing access to registered attorneys. (Doc. No. 64.) *See* Electronic Filing Policies and Procedures Manual (December 1, 2018). *See also Johnson v. Working*

*America, Inc.*, No. 1:12CV1505, 2012 WL 5948639, *5 (N.D. Ohio Nov. 1, 2012), *report and recommendation adopted*, 2012 WL 5947607 (N.D. Ohio Nov. 28, 2012). Indeed, Local Rule 5.1(c) provides, in relevant part, as follows:

> . . . **typically only registered attorneys**, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who **demonstrates a willingness and capability to file documents electronically** permission to register to do so.

LR 5.1(c)(emphasis added).

Here, as set forth in the October 23, 2020 Order, Plaintiff has not demonstrated "a willingness and capability to file documents electronically." For all the reasons set forth in that prior order, Plaintiff has not shown he is aware of or able to abide by all Court rules, orders, policies, and procedures pertaining to the use of the Court's electronic filing system. Further, for the reasons set forth below, the Court has doubts about his capability to utilize the system effectively. Therefore his request for electronic filing access is DENIED.

Plaintiff asserts that he still lacks viewing access to the docket in this case, and therefore argues he is unable to identify the documents corresponding to "number references" in the Court's prior orders. (Doc. No. 75 at 2.) He disputes the Court's assurance that he is able to receive viewing access to the docket on request and asserts that the Court is "playing hide-and-seek with the record." (*Id*. at 6.)

The Court reiterates that it is not its role to direct the parties' legal research. (Doc. No. 70 at n.12.) Resources for *pro se* plaintiffs are available on the United States District Court, Northern

District of Ohio website.[1] This includes an application for a "read only" account on CM/ECF,[2] which allows litigants to view receive notifications, view electronic docket sheets and documents.[3] Plaintiff should raise his concerns regarding fees directly with PACER, however it is the Court's understanding that parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically.[4] No judicial permission is required to receive this access. Further questions regarding this process are properly directed to the Clerk's office or the PACER Service Center, not the Court.

In his motion, Plaintiff also makes reference to discovery disputes. (Doc. No. 75 at 3.)

---

[1] Available at https://www.ohnd.uscourts.gov/pro-se-information (last visited Jan. 6, 2021).

[2] Plaintiff noted that he was confused by the Court's use of the term "PACER" in its prior order. Therefore, the following clarification, found in the Handbook for *Pro Se* Litigants on the District Court's website, is provided:

CM/ECF (Case Management/Electronic Case Files) is the name of [the Court's] electronic system. Members of the public can gain access to this system using a system called PACER (Public Access to Court Electronic Records). You can contact your District Court Clerk's office to obtain information about how to use PACER to access documents filed by others (including orders of the judge), print, and download documents.

https://www.ohnd.uscourts.gov/sites/ohnd/files/ProSeGuide.pdf (last visited Jan. 6, 2021.)

[3] That application is available at https://www.ohnd.uscourts.gov/sites/ohnd/files/Application%20-%20Pro%20Se%20Efile%20or%20Read%20Only.pdf (last visited 1/6/21).

[4] This information is found at United States Courts *Electronic Public Access Fee Schedule*, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last visited Jan 6, 2021).

Defendant filed an objection to his characterization of the status of discovery at the time of his motion. (Doc. No. 76.) These issues were raised in the context of Defendant's motion for attorney's fees and potential future sanctions. Both issues were resolved by a December 23, 2020 order of this Court. (Doc. No. 83.) Therefore, the portions of Plaintiff's motion are DISMISSED as MOOT.

## II. Conclusion

Accordingly and for all the reasons set forth above, Defendant's Motion for Electronic Filing Access, as amended, is DENIED. Those portions of Plaintiff's Motion relating to Defendant's motion for attorney's fees and potential future sanctions are DISMISSED as MOOT. (Doc. No. 74, 75.)

**IT IS SO ORDERED.**

Date: January 6, 2021                                                       *s/Jonathan D. Greenberg*
                                                                                            Jonathan D. Greenberg
                                                                                            U.S. Magistrate Judge