**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MELVIN MARINKOVIC, | ) | CASE NO. 1:19-cv-01710 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| CANDICE HAZELWOOD, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | & ORDER |

This matter is before the Court on consent of the parties pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1. (Doc. No. 24.) Currently pending before the Court are Plaintiff Melvin Marinkovic's Motion to Alter or Amend the Judgment and to Clarify the Record and 2nd Offer of Proof (Doc. No. 100), and Notice and Motion to Amend Complaint (Doc. No. 102), and Defendant Candice Hazelwood's Motion to Strike Plaintiff's Notice of and Motion to Amend Complaint (Doc. No. 103). For the reasons that follow, Plaintiff's Motion to Alter or Amend the Judgment and to Clarify the Record and 2nd Offer of Proof, and his Notice and Motion to Amend Complaint are DENIED. Defendant's Motion to Strike Plaintiff's Notice of and Motion to Amend Complaint is DISMISSED as MOOT.

## I. Procedural Background

A recitation of Plaintiff's allegations and the procedural history of this matter are set forth in detail in the prior Memorandum and Order dated March 26, 2021, and will not be repeated herein. (Doc. No. 98.) As relevant herein, July 29, 2019, Plaintiff filed a Complaint against Defendant, alleging negligence and gross negligence, arising from an auto accident involving Plaintiff and a car allegedly owned and operated by Defendant. (Doc. No. 1.) This matter was transferred to the undersigned by consent of the parties. (Doc. No. 24.) Plaintiff thereafter filed his First Amended Complaint on July 6, 2020, acknowledging that Defendant was neither the driver nor a passenger in the car that hit him. (Doc. No. 39.) In the First Amended Complaint, Plaintiff alleged negligent entrustment, negligent infliction of emotional distress, and intentional infliction of emotional distress. (*Id*.)

On December 22, 2021, Defendant filed a Motion for Summary Judgment. (Doc. No. 80.)

On December 29, 2021, Plaintiff filed a Partial Motion for Summary Judgment.[1] (Doc. No. 86.) Defendant filed a Reply in Opposition. (Doc. No. 90.)

On January 9, 2021,[2] Plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment, or, in the alternative, Motion for Extension of Time to Oppose Summary Judgment by 30 days. (Doc. No. 91.) He also filed a Declaration in support of that motion. (Doc. No. 92.)

---

[1] This document was filed by mail, and is dated December 29, 2020. (Doc. No. 86 at 9.) It was received by the clerk's office and docketed on December 30, 2020. The Court will deem this motion filed on December 29, 2020.

[2] This document was filed by mail, and is dated January 9, 2021. (Doc. No. 91 at 20.) It was received by the clerk's office and docketed on January 29, 2021. The Court will deem this motion filed on January 9, 2021.

Defendant filed Responses in Opposition to both the Motion and the Declaration. (Doc. Nos. 93 & 94.)

On February 2, 2021, the Court denied Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, and granted his Motion for Extension of Time to Oppose Summary Judgment by 30 days. (Doc. No. 95.)

On February 16, 2021, Plaintiff filed a Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. No. 96.) On February 24, 2021, Defendant filed a Reply in Support. (Doc. No. 97.)

On March 26, 2021, this Court granted Defendant's Motion for Summary Judgment and denied Defendant's motion for partial summary judgment. (Doc. No. 98.)

On April 23, 2021, Plaintiff filed a Motion to Alter or Amend the Judgment and to Clarify the Record and 2nd Offer of Proof. (Doc. No. 100.) Defendant filed a brief in opposition. (Doc. No. 101.)

On April 30, 2021, Plaintiff filed a Notice and Motion to Amend his Complaint for a second time. (Doc. No. 102). Defendant filed a Motion to Strike Plaintiff's Notice and Motion to Amend his Complaint. (Doc. No. 103)

## II. Law and Analysis

**A.     Federal Rule of Civil Procedure 59(e)**

In his Motion to Alter or Amend the Judgment and to Clarify the Record and 2nd Offer of Proof, and Notice and Motion to Amend Complaint, Plaintiff seeks relief under Rule 59(e). (Doc. No. 100 at 1.) Rule 59(e) provides:

> A motion to alter or amend a judgment must be filed no longer than 28 days
> after the entry of the judgment.

Fed. R. Civ. P. 59(e). In general, Rule 59(e) is an extraordinary remedy, which is to be used in limited circumstances. The Sixth Circuit has determined motions under this Rule are generally only appropriate in the following circumstances: 1) to correct a clear error of law; 2) to incorporate newly-discovered evidence; 3) to prevent manifest injustice; and 4) to address an intervening change in controlling law. *Betts v. Costco Wholesale Corp.,* 558 F.3d 461, 474 (6th Cir. 2009). *See also Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 496 (6th Cir. 2006). The purpose of Rule 59(e) is not to provide parties with a second opportunity to reargue the merits. It is not to be used to re-hash arguments and theories which were already considered and rejected by the court. *See Exxon Shipping Co. v. Baker,* 128 S.Ct. 2605, 2617 n.5 (2008). Further, it is not proper to use Rule 59(e) to raise arguments or theories which could have been raised prior to judgement. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) ("parties should not use [Rule 59(e) motions] to raise arguments which could, and should, have been made before judgment issued.") Therefore, in a post-judgment context, a party must meet the heavier burden of Rule 59(e) prior to amending the pleadings under Rule 15. *Pond,* 674 F. App'x at 472 (6th Cir. 2016).[3]

---

[3] The Sixth Circuit has reasoned if the "permissive amendment policy [of Rule 15] applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Michigan Flyer LLC v. Wayne County Airport Authority,* 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 616 (6th Cir. 2010)).

Further, denial of a Rule 15 motion is appropriate where there is "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse,* 290 F.3d at 800 (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct.

Here, the Court entered final judgment on March 26, 2021. (Doc. No. 99.) Plaintiff filed his motion 28 days later, on April 23, 2021. (Doc. No. 100.) Thus, Plaintiff's motion is timely under Rule 59(e).

In his motion, Plaintiff asserts that this Court's final judgment was based on "missing evidence," which was "blocked" by this court's "abuse of discretion or error" in earlier evidentiary rulings. (Doc. No. 100 at 2.) Specifically, Plaintiff argues he had substantial evidence that the driver, a non-party, was a "danger behind the wheel," but "was not allowed by this judge, other courts, and rules of civil procedure to submit it." (*Id*. at 4.) He also argues that he "can produce what a clerk described as Ohio's paper proof that [Defendant] agreed to be a co-signer for the hitter's liabilities or costs associated with hitter's destructive driving as a condition to allowing the hitter to drive again," but was thrice prevented from doing so by this Court. (*Id.* at 7-8.) Plaintiff also seeks to clarify this Court's finding on ownership and jurisdiction. (*Id.* at 9.)

Defendant argues Plaintiff's motion does not meet the standards for granting Rule 59(e) relief.[4] (Doc. No. 101 at 1.) She asserts that the evidence he claims that he could have produced

---

    227, 9 L.Ed 222 (1962)). Moreover, when considering post-judgment requests to amend, a court must "take into consideration the competing interest of protecting the 'finality of judgments and the expeditious termination of litigation.'" *Morse,* 290 F.3d at 800 (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf,* 930 F.2d 240, 245 (2d. Cir. 1991)). This "includes asking whether the claimant has made a 'compelling explanation' for failing to seek leave to amend prior the to entry of judgment." *Pond,* 674 F. App'x at 473.

[4]    Defendant also offers evidence strongly suggesting that Plaintiff filed this motion in retaliation for a dispute which arose in a separate case, where Defendant's counsel represents a different client. (Doc. No. 101-2.) The Court strongly cautions Plaintiff that any motion filed with an improper purpose, including to harass the opposing party, is an abuse of process under Federal Rule of Civil Procedure 11 (b)(1), and may result in sanctions.

but for legal errors by the court consists either of inadmissible hearsay or publicly available records and, further, was never produced to her in discovery. (*Id*. at 2.) She notes that, in earlier filings, Plaintiff claimed the doctrine of *res ipso loquitor* relieved him of the obligation of supporting his allegations with evidence. (*Id*. at 3.)

The Court finds no basis for granting Plaintiff's motion under Rule 59(e). It is undisputed that the "missing evidence" Plaintiff allegedly possesses but chose not to produce to either the Court or the Defendant is not "newly discovered evidence," for purposes of Rule 59(e), because Plaintiff acknowledged that "the evidence was available before the summary judgment ruling." (Doc. No. 100 at 4.) Plaintiff filed his First Amended Complaint on July 6, 2020. (Doc. No. 39.) From that time, he was aware of the identity of the car's driver and the relevance of her driving record. Plaintiff asserts that he "collected from cities and courts and prosecutors in Ohio records proving the hitter in the years leading up to this incident was convicted of 17 violations, 7 accidents, some with injuries, as well as license suspensions and the revocation of her driver's license," and "could have produced actual physical documents like state references to convictions or explained the substance of the documents from what clerks relayed to him orally, by affidavit." (Doc. No. 100 at 4.) However, it is undisputed that he did not do so.[5]

Plaintiff asserts that the reason he failed to properly support his opposition the Defendant's Motion for Summary Judgment is because this Court prevented him from doing so, and that this was

---

[5] Further, as noted in the memorandum accompanying the grant of Summary Judgement, the evidence which Plaintiff cited but did not produce, even if offered, would likely be insufficient establish that owner of vehicle had knowledge that driver was incompetent or unqualified to operate the vehicle. (Doc. No. 98 at 9-10.) They would also fail to establish the critical element of harm resulting from the accident. (*Id.* at 16-17.)

6

an "error of law" which should be remedied under Rule 59(e). (*Id*.) He asserts that he was not able to provide the relevant evidence, because "[t]his court has a local rule barring the submission of personal or confidential or potentially damaging information without prior leave of the court to do so." (*Id*.) He does not identify which rule he believes prevented him from producing publicly available records, such as traffic citations, in support of his motions, except by stating the Court "cited the rule that requires it" in its Order granting permission to file medical records under seal. (Doc. No. 100 at 6.) However, the only local rule cited in this Order is Local Rule 5.2, which sets forth the procedure for filing under seal, but does not address the content of such filings.[6]

Defendant asserts, and Plaintiff does not dispute, that none of the allegedly "missing" evidence was produced to her in discovery. (Doc No. 101 at 2.) Further, as noted *supra*, on the single instance that Plaintiff sought permission to file records under seal, the Court granted that motion, and Plaintiff did not file any records relevant to the driver.[7] (Doc. No. 69.) As noted *supra*,

---

[6] The local rule restricting confidential information in pleadings is Local Rule 8.1(a), which states that, "in compliance with the policy of the Judicial Conference of the United States, and the E-Government Act of 2002, and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary," the following personal data identifiers: social security numbers, the names of minor children, dates of birth, and financial account numbers. The Court has no bar on submission of "potentially damaging information," and, indeed, both the original and amended Complaints in this action, as well as filings up to and including the motion at issue here, are so rife with potentially damaging allegations against both the Defendant and the non-party driver that it is difficult for the Court to believe Plaintiff makes this argument in earnest.

[7] The Court notes that Plaintiff then abused this process by filing four publicly available journal articles, which could not be described as "confidential" in any sense, under seal, along with two letters from his physicians. (Doc. No. 72.) Defendant credibly asserts that she never received copies of any of these documents. (Doc. No. 101 at 2.)

7

a Rule 59 motion "is not a vehicle to introduce evidence and arguments" which could have been introduced during the pendency of Defendant's Motion for Summary Judgment. *Cedar Lane Farms, Corp. v. Besancon*, No. 5:16-cv-1390, 2017 WL 6558582 at *3 (N.D. Ohio Dec. 21, 2017). Here, Plaintiff reargues issues of discovery and civil procedure that were raised numerous times and addressed at length during the pendency of this action.

Nearly all of Plaintiff's arguments in his Rule 59(e) motion are restatements of the arguments in his Opposition to Defendant's Motion for Summary Judgment. For example, he argues that if the Court had permitted his expansive discovery requests, he would have had records to support his allegations.[8] (Doc. No. 100 at 7-8.) He also asserts that he offered to file affidavits detailing information given to him by non-parties.[9] (*Id.*) As noted *supra*, there was ample time to raise and argue discovery disputes in this case, and the parties did so, as demonstrated by the record. (*See, e.g.*, Doc. Nos. 25, 28, 29, 32, 33, 34, 41, 46.) Rule 59(e) allows for reconsideration in a limited set of circumstances; it does not permit parties to effectively "re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Therefore, Plaintiff's claims do not provide ground to alter or amend the final judgment in this case under Rule 59(e).

---

[8]  The Court infers this is a reference to Plaintiff's July 14, 2020 Motion to Compel answers to his interrogatories, which was orally withdrawn on July 24, 2020. (Doc. Nos. 41, 46.)

[9]  The Court notes that under Fed. R. Civ. P. 56(c)(4), an affidavit used to support or oppose a motion for Summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

**B. Motion to Clarify**

In response to his request that this Court clarify its finding on ownership and jurisdiction, the Court refers Plaintiff to the explanation provided in the Memorandum accompanying the granting of Summary Judgement. (Doc. No. 98 at 18-20.) In his reference to jurisdiction, Plaintiff appears to be re-litigating his previous claim that the Defendant is not a "real party in interest," presumably because she asserted that she is not the owner of the car involved in the accident.[10] (Doc. No. 78 at 2.) However, this is in conflict with his own continued assertions, including in the Motion under consideration here, that Defendant is the owner of the car which hit him. (*See, e.g.*, Doc. No. 86 at 2-3, Doc. No. 100 at 5, 7.) If the Plaintiff's intention was to concede that the Defendant is not properly a party to this case because she has no ownership, his Rule 59(e) motion fails to communicate this. At the time the Court ruled on the Motions for Summary Judgment, this issue of ownership was disputed and therefore the Court deemed it an "unresolved factual dispute." (Doc. No. 98 at 21.)

Plaintiff has failed to demonstrate the existence of a manifest error of law or fact or the existence of new evidence entitling him to relief under Federal Rules of Civil Procedure 59(e). Accordingly, and for the reasons set forth above, Plaintiff's Motion to Alter or Amend the Judgment and to Clarify the Record and 2nd Offer of Proof is denied.

**C. Federal Rule of Civil Procedure Rule 15(a)(2)**

Plaintiff also seeks leave to amend his Complaint, for a second time, under Fed. R. Civ. P. 15(a)(2). (Doc. No. 19 at 1.) Rule (15)(a)(2) provides:

---

[10] Defendant has made this assertion, but has not offered proof (Doc. No. 98 at 21.) Therefore, the Court declined to rule on this issue, finding dismissal was proper on alternate grounds. (*Id.*)

9

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2). While Rule 15 "embodies a liberal amendment policy," it is well-established that, once judgment has been entered, the moving party must first seek relief under Rules 59 or 60. *See Pond v. Haas*, 674 F. App'x 466, 472 (6th Cir. 2016). Indeed, the Sixth Circuit has recognized "following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. . . . Where a timely motion to amend judgment is filed under Rule 59(e), the Rule 15 and Rule 59 inquiries turn on the same factors." *Morse v. McWhorter,* 290 F.3d 795, 799 (6th Cir. 2002). *See also Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010), *quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ( "A plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) 'to raise arguments which could, and should, have been made before judgment issued.'"); *Warstler v. Medtronic, Inc*., No. 3:16CV00385, 2017 WL 3088037, at *3 (N.D. Ohio July 20, 2017) ("When a party seeks to amend a complaint after an adverse judgment, it ... must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.").

Here, because there is no basis for granting Plaintiff's motion under Rule 59(e), his Rule 15 motion for leave to file an amended complaint must also be denied. Therefore, Defendant's Motion

to strike Plaintiff's Notice of and Motion to Amend Complaint is dismissed as moot.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Alter or Amend the Judgment and to Clarify the Record and 2nd Offer of Proof and his Notice and Motion to Amend Complaint are DENIED. Defendant's Motion to Strike Plaintiff's Notice of and Motion to Amend Complaint is DISMISSED as MOOT.

                                                    */s/Jonathan D. Greenberg*
                                                    Jonathan D. Greenberg
                                                    United States Magistrate Judge

Date:  May 25, 2021